FOOTE *v.* STEIN *et al.*

(*Circuit Court, S. D. New York.* May 22, 1888.)

PATENTS FOR INVENTIONS—INFRINGEMENT—HAT-RACKS—GRAIN-BANDS.
Letters patent No. 56,569, July 24, 1866, for improvement in hat-racks, granted to Charles H. Keener, act on a different plan, and do not anticipate, letters patent No. 135,899, February 18, 1873, granted to Elisha Foote for improvements in grain-bands, bag-ties, etc.

In Equity. Bill for infringement of patent. On motion to open default.

Eunice N. Foote, administratrix, complainant, filed a bill to enjoin Edward A. Stone and Louis Stein, defendants, from infringing patent No. 135,899, February 18, 1873, granted to Elisha Foote for improvement in grain-bands, bag-ties, etc. Judgment by default against defendants; who moved to set it aside on the ground that the Foote patent had been anticipated by letters patent No. 56,569, July 24, 1866, for improvement in hat-racks.

*G. M. Plympton,* for complainant.

*H. A. West,* for defendants.

LACOMBE, J. Waiving all question as to the regularity of defendants' practice, and treating this as a motion to open a default upon newly-discovered evidence, I am nevertheless of the opinion that the relief they ask must be denied. The patent is undoubtedly a narrow one; and with every respect for the opinion of the able judges who have heretofore sustained it, (*Foote* v. *Frost,* 14 O. G. 860; *Frost* v. *Marcus,* 13 Fed. Rep. 88,) it is by no means certain that, upon a record which should contain the earlier Butterfield patent, No. 57,247, the supreme court would find that complainant's device exhibited either novelty or invention. If, therefore, it were a question of allowing the interposition of a defense which set up the last-named patent, the present application would stand upon a different footing. Such, however, is not the case. The Butterfield patent was well known to defendants when they confessed judgment, and the patent which they submit as newly discovered (Keener's improvement in hat-racks, No. 56,569) acts upon an entirely different principle, and is in no sense an anticipation of the patent here sued on.